# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CHRISTOPHER ANZALONE,<br><br>                    Petitioner,<br>          v.<br>SUZAN HUBBARD,<br><br>                    Respondent. | Civil No.   08-1496 JM (JMA)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3(a), 28 U.S.C. foll. § 2254.

### **FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

1    The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

   A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

   Here, Petitioner has incorrectly named "Suzan Hubbard," as Respondent. It appears from the California Department of Corrections and Rehabilitation ("CDCR") website that Suzan Hubbard is currently serving as Director of the Division of Adult Instutitions with CDCR. http://www.cdcr.ca.gov/index.html. Because she is neither the warden in charge of the state correctional facility in which Petitioner is presently confined nor the Director of the California Department of Corrections, Suzan Hubbard is not a proper respondent.

   Additionally, Jerry Brown, the Attorney General of the State of California, is not a proper respondent in this action. Rule 2 of the Rules following § 2254 provides that the state officer having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254. However, "if the applicant is not presently in custody pursuant to a state judgement against which he seeks relief but may be subject to such custody in the future," then "the officer having present custody of the applicant as well as the attorney general of the state in which the judgment which he seeks to attack was entered shall each be named as respondents." Rule 2 (b), 28 U.S.C.

foll. § 2254. Here, there is no basis for Petitioner to have named the Attorney General as a respondent in this action.

In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **CONCLUSION AND ORDER**

Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure either pay the $5 filing fee or move to proceed in forma pauperis, and for his failure to name a proper respondent. To have this case reopened, Petitioner must file **no later than October 21, 2008** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee, **AND** a First Amended Petition which remedies the pleading deficiencies noted above. **The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application and a First Amended Petition form to Petitioner along with a copy of this Order.**

**IT IS SO ORDERED.**

DATED: August 21, 2008

_____
**Hon. Jeffrey T. Miller
United States District Judge**