

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SCOTT CHRISTOPHER ANZALONE,
Petitioner,

v.

LARRY SMALL, Warden,
Respondent.

Civil No. 08-cv-1496-JM (JMA)

**ORDER DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**

**[Doc. 28]**

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 14, 2009 [Doc. 1] and filed a First Amended Petition on October 21, 2008 [Doc. 4], along with a motion for leave to proceed in forma pauperis [Doc. 5], which was granted on October 24, 2008 [Doc. 7]. On January 12 2009, Petitioner filed a request for a page extension for his traverse [Doc. 10] which was granted the same day [Doc. 11]. After Respondent's Answer was field on March 2, 2009 [Doc. 16], Petitioner moved for an extension of time to file his Traverse [Doc. 17] which was granted on March 23, 2009 [Doc. 18], and Petitioner filed his Traverse on May 7, 2009 [Doc. 20]. On May 13, 2009, Petitioner filed a motion to expand the record [Doc. 22] which was denied as moot on May 14, 2009 [Doc. 23]. The Court now

considers Petitioner's Motion for the Appointment of Counsel filed August 28, 2009 [Doc. 28] and denies the motion without prejudice.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the Court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the Court conducts an evidentiary hearing on the Petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah*, 18 F.3d at 573. If the Court later determines that an evidentiary hearing is necessary as to one or more issues, the Court will require appointment of counsel for those issues at that time.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).

At this stage of the proceedings, there is no indication that appointment of counsel is required to prevent a due process violation. Neither is there an indication that the issues are too complex or that Petitioner is incapable of presenting his claims. Thus, at this time, the Court finds that the interests of justice do not require the appointment of counsel.

Plaintiff has demonstrated an ability to articulate the factual and legal bases of his claim with sufficient clarity. Indeed, Petitioner has been successful in getting a Complaint on file, successfully filing a motion for leave to proceed *in forma pauperis*, successfully filing a motion for an extension of time to file his traverse, successfully moving for a page extension for his traverse, and filing additional motions (denied as moot). Based on the information currently before the Court, it appears that Petitioner has the competence and ability to pursue his case. Without more, this Court cannot conclude that there are "exceptional circumstances" which would warrant the appointment of counsel in Petitioner's case.

Accordingly, Petitioner's Motion for the Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED: September 1, 2009

Jan M. Adler
U.S. Magistrate Judge